FILED'06 MAY 15 11:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LEWIS ALLEN SULLIVAN, | ) | |
| | ) | Civil No. 05-1218-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAN HILL, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

    Amy Baggio
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his September 1998 state convictions for Delivery of a Controlled Substance within 1000 Feet of a School, Manufacture and Delivery of a Controlled Substance, and Possession of a Controlled Substance. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

The Crook County Grand Jury returned an indictment charging petitioner with one count each of Delivery of a Controlled Substance within 1000 Feet of a School (Count One), Manufacture and Delivery of a Controlled Substance (Count Two), and Possession of a Controlled Substance (Count Three). Respondent's Exhibit 102. A jury found petitioner guilty on all counts. The court imposed a 29-month sentence on Count One. In addition, the court merged Count Two with Count One, and imposed 6-month sentence on Count Three to run concurrently with Count One. Respondent's Exhibit 102.

Petitioner directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v.

2 - FINDINGS AND RECOMMENDATION

<u>Sullivan</u>, 171 Or. App. 523, 19 P.3d 387 (2000), <u>rev. denied</u> 332 Or. 137, 27 P.3d 1043 (2001).

Petitioner next filed for post-conviction relief ("PCR") in state court.  The PCR trial court denied relief.  Crook County Circuit Court Case No. CV020079.  The Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review.  <u>Sullivan v. State</u>, 198 Or. App. 285, 108 P.3d 1219 (2005), <u>rev. denied</u> 338 Or. 583, 114 P.3d 504 (2005).

The Oregon Department of Corrections ("ODOC") discharged petitioner from its custody for the September 1998 convictions on November 7, 2003.  Respondent's Exhibit 104.  Petitioner is currently in ODOC custody following a June 2004 conviction not under attack in this proceeding.

On August 5, 2005, Petitioner filed this action.  In his Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

1.  Petitioner was coerced into proceeding in a jury trial without counsel;

2.  Petitioner was denied effective assistance of trial counsel because he had no counsel to provide evidence that petitioner's home was not within 1000 feet of a school;

3.  The Prineville Police Department failed to present a valid search warrant to search petitioner's home; and

4.  The trial court illegally sentenced petitioner by unlawfully enhancing his criminal history.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because petitioner is not "in custody" for purposes of 28 U.S.C. Section 2254 on the September 1998 convictions he attacks in this case.

## DISCUSSION

28 U.S.C. § 2254 states in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)(citing Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

Respondent contends that petitioner confined his habeas challenge to his September 1998 Crook County convictions, and that ODOC discharged him from its custody on those convictions on November 7, 2003--nearly two years prior to his filing the subject habeas case on August 5, 2005.

Petitioner acknowledges in his Reply (#19) that the September 1998 state sentence at issue here is completely expired. Moreover, he apparently concedes that the "in custody" requirement discussed

4 - FINDINGS AND RECOMMENDATION

in Maleng controls the outcome of this case. However, petitioner contends that "[d]ue to the procedural slowness in the state appellate system" the law as applied to his situation, wherein he received a relatively short sentence, results in suspension of the writ of habeas corpus in violation of Article 1, Section 9 of the U.S. Constitution.

The Constitution provides that the privilege of the writ of habeas corpus shall not be suspended unless when in cases of rebellion or invasion the public safety may require it. U.S. CONST. art. I, § 9. However, in Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) the Supreme Court made clear that § 2254 as a "vehicle[ ] for review [is] not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion remedies, operate to limit access to review on the merits of a constitutional claim." Id. at 381. The Court identified just such a barrier in Maleng when it found that § 2254's jurisdictional "in custody" requirement could work to bar habeas review.

Accordingly, notwithstanding petitioner's charge that the law as applied to him is unconstitutionally harsh, his failure to satisfy the "in custody" requirement strips this court of its jurisdiction to review his habeas Petition. Therefore, his Petition (#2) should be denied.

5 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 15th day of May, 2006.

_____
Paul Papak
United States Magistrate Judge